IN THE

## SUPREME COURT

OF THE

## STATE OF LOUISIANA.

EASTERN DISTRICT, JULY TERM, 1828.

*ADAMS* vs. *LEWIS*,

7NS153
123  1002

Eastern Dist.
*July*, 1828.

**APPEAL** from the court of the fourth district.

A privileged creditor has a right to a provisional seizure.

**PORTER, J.** delivered the opinion of the court. The plaintiff applied for and obtained a provisional seizure of cotton belonging to the defendant, on an authentic act, which contained the following clause: "To effect which payment of five thousand dollars, the crop now growing on said plantation is to remain pledged."

To the order granting this seizure, the defendant filed the following exceptions:

1. That the copy of the writ served on the said Fran. R. Lewis, of provisional seizure, is not dated.

2. That the said writ of provisional seizure, issued improvidently by Nicholas Sburlati, signing himself deputy clerk; and because he has not that capacity.

3. That the affidavit of Christopher Adams, at the foot of the petition, is insufficient in not stating that the defendant would remove the property out of the state of Louisiana; or even that he would remove it out of the jurisdiction of the court: And again, said affidavit does not state the precise sum claimed by plaintiff.

4. That the petition contains no allegation shewing the necessity, or right of plaintiff, to seize provisionally, as has been done.

5. That the plaintiff's case does not come within the provision of the law providing for provisional seizure.

The court below overruled all these exceptions, except that which contests the right to obtain the seizure.

The judge *a quo* was of opinion that the provisional seizure accorded by the articles 284 and 285 of the code of practice, could

only embrace cases where the pledge was in the possession of the creditor.

If this be the true construction of the words *hold in pledge, sert de gage,* the right given to the creditor to seize it *for the security of his claim,* was worse than a vain thing. For it being of the essence of a contract of pledge, that the object pawned should be delivered to the creditor, he has possession without seizure. And as the debtor has no right to take it from him without payment, the security of the creditor, if not weakened, would certainly not be strengthened by placing it in the hands of the sheriff.

But the code goes further (art. 284) and gives a right of seizure in all cases where the plaintiff has a privilege. The engagement entered into by the defendant, gave a privilege, although the object was not delivered. The expressions used in the contract, can be understood in no other way but as intending to confer a right of preference on the crop for payment. If they have not that meaning, they are without any; and it cannot be believed they were introduced for no purpose.

We therefore think the court erred in sustaining the exception, and we should reverse

Eastern Dist *July*, 1828.

ADAMS
*vs.*
LEWIS.

the judgment, were it not for a difficulty in regard to the objection taken to the authority of the deputy clerk. If the evidence which the judge states, in his opinion, he acted on was before us, we should affirm his judgment; but it is not, for there is no statement of facts. There being, therefore, no evidence in support of the clerk's appointment, the judgment of the district court must be affirmed with costs.

*Porter* for the plaintiff.